**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRENDA BELLAY,**

    **Plaintiff,**

v.                                                    **CASE NO.:**

**OFFICER TYLER SHUE,**
**individually; and**
**CITY OF TAMPA**,

    **Defendants.**
_____/

## COMPLAINT AND REQUEST FOR A JURY TRIAL

The Plaintiff, Brenda Bellay, by and through her undersigned counsel, hereby sues the Defendants, Officer Tyler O. Shue and the City of Tampa and in support alleges:

## INTRODUCTION

1. This is an action brought by a United States citizen, who at the time of the incident was a resident of Tampa, Florida, and who was the victim of the use of excessive force and unlawful or offensive touching, false arrest, and a First Amendment violation by Officer Tyler O. Shue.

2. Plaintiff alleges violation of her civil rights under the provisions of 42 U.S.C. §§ 1983 and 1988 and the First and Fourth Amendments to the United States Constitution. Plaintiff also alleges that Officer Tyler O. Shue committed the state common law torts of battery and false arrest. Plaintiff seeks compensatory relief, punitive damages, and costs, including attorneys' fees.

## JURISDICTION AND VENUE

3. This action arises under the provisions of 42 U.S.C. §§ 1983 & 1988, and Florida statutory and common law. This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367.

4. All incidents material to this action occurred in Hillsborough County, Florida and Defendants were employed in Hillsborough County, Florida at the time of the incident. Venue is proper in this Court pursuant to Local Rule 3.1.

5. Plaintiff, Brenda Bellay, timely filed the notice of claim pursuant to Florida Statute § 768.28, on August 3, 2016, and January 6, 2017, regarding supplemental state tort claims against the Defendants, and has provided Defendants the required amount of time to resolve the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## PARTIES

6. Plaintiff, Brenda, was an adult female resident of the State of Florida at all times relevant to this Complaint.

7. The Defendant, Officer Tyler O. Shue, was at all times relevant to this Complaint duly appointed and acting as an officer of the Tampa Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Tampa Police Department. Defendant, Officer Shue, is sued in his individual capacity.

8. The Defendant, CITY OF TAMPA, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the Tampa Police Department. Defendant, CITY OF TAMPA, receives federal funds.

Defendant, CITY OF TAMPA, by and though its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Tampa and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida. The City of Tampa does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, § 768.28.

9. Each and all of the acts of the Defendants and other members of the Tampa Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of Florida, under the color of law and by virtue of their authority as law enforcement officers for the Tampa Police Department. At all times, Defendant was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

10. The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. On September 13, 2015, Ms. Bellay and Paige Davis had been walking down South Howard Avenue in Tampa, when they stopped at a food truck outside of MacDinton's Irish Pub and Restaurant located at 405 South Howard Avenue, Tampa, Florida 33606.

12. Ms. Bellay did not attempt to go inside of MacDinton's.

13. Ms. Davis ordered and paid for sweet potato fries and water.

14. After Ms. Davis completed her purchase, Ms. Bellay ordered a bottle of water from the vendor and gave the vendor her credit card to pay for the water.

15. While the vendor completed the transaction, Ms. Bellay heard Ms. Davis scream.

16. When Ms. Bellay looked over at Ms. Davis, Ms. Bellay saw Ms. Davis in a dispute with security personnel from MacDinton's. Officers from Tampa Police Department arrived on scene shortly after the scream.

17. Officer Mark Barry arrived first to the scene followed shortly thereafter by Officer Tyler Shue. The officers spoke with security.

18. Officer Barry attempted to speak with Ms. Davis, but Ms. Davis became hysterical. As a result, Ms. Bellay began videotaping the interaction because she was uncertain how the interaction would unfold following Ms. Davis' unexpected reaction.

19. Ms. Davis also became uncooperative with Officer Barry, including refusing to give her identification or her name. Ms. Davis also struck Officer Barry in the chest. Officer Barry then handcuffed and took Ms. Davis into custody.

20. While videotaping the incident, Ms. Bellay stood a safe distance away from the officers. She stood a few feet behind the officers and next to a similarly situated spectating MacDinton's security staff member.

21. Furthermore, Ms. Bellay did not attempt to interact with or interrupt police officers or aid Ms. Davis while videotaping.

22. At the same time, Ms. Bellay waited on the truck vendor to return her credit card.

23. One of the officers then requested that Ms. Bellay provide identification, which she did without hesitation.

24. While recording Ms. Davis being taken into custody, Officer Shue asked Ms. Bellay to take a few steps back, which Ms. Bellay began to do without saying a word.

25. While Ms. Bellay stepped back as directed, she respectfully informed Officer Shue that she was recording the incident.

26. Officer Shue immediately grabbed Ms. Bellay and slammed her onto the hood of a nearby patrol vehicle.

27. After being slammed on the hood of the car, Ms. Bellay still had her cell phone in her hands desperately attempting to record Officer Shue's conduct. However, Officer Shue forced Ms. Bellay to drop her phone, which resulted in the phone hitting the ground and cracking the phone's screen.

28. Officer Shue told Ms. Bellay that he intended to break her phone.

29. Officer Shue handcuffed Ms. Bellay.

30. When Officer Shue handcuffed Ms. Bellay, he jerked her wrists upwards by the handcuffs and lifted her off the ground. This resulted in nerve impingement and tendinopathy in her right shoulder. This often prevents Ms. Bellay from performing everyday tasks without pain and limitations.

31. Nobody from MacDinton's asked or told Ms. Bellay to leave the premises.

32. Ms. Bellay was transported to the county jail without incident and charged with trespassing and resisting an officer without violence. Ms. Davis, however, was released from the scene despite causing a scene and striking an officer, but given a Notice to Appear.

33. The State Attorney's Office entered a nolle prosequi on May 10, 2016, dismissing the criminal charges against Ms. Bellay.

**COUNT I – 42 U.S.C. § 1983 FALSE ARREST CLAIM**
**AGAINST DEFENDANT, OFFICER SHUE**

34. All allegations of paragraphs 1 through 33 are re-alleged in full and adopted herein.

35. Plaintiff was unlawfully seized by Defendant, Officer Shue, through the intentional confinement of Plaintiff when Defendant placed her under arrest.

36. The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

37. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

38. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

39. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of the ability to earn money, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

**COUNT II – STATE LAW FALSE ARREST/ FALSE IMPRISONMENT**
**AGAINST OFFICER SHUE**

40. All allegations of paragraphs 1 through 33 are re-alleged in full and adopted herein.

41. At all times relevant herein, Defendant, Officer Shue, acted with the intention of confining the Plaintiff, Brenda Bellay, within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

42. Defendant acted in bad faith and with malicious purpose as the Plaintiff, Brenda Bellay, had committed no illegal acts.

43. The Defendant's actions were unreasonable and unwarranted under the circumstances.

44. As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, Officer Shue, the Plaintiff suffered from bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. The nature of the count supports a claim for punitive damages in addition to compensatory damages.

### COUNT III – STATE LAW CLAIM FALSE ARREST/ FALSE IMPRISONMENT AGAINST CITY OF TAMPA – VICARIOUS LIABILITY (COURSE AND SCOPE)

45. All allegations of paragraphs 1 through 33 are re-alleged in full and adopted herein.

46. Defendant, Officer Shue's, actions in holding Plaintiff beyond the scope of her consent and against her will, without probable cause, without process or authority of law, constitute wrongful, unlawful false imprisonment which is actionable against Defendant, City of Tampa.

47. The Defendant, Officer Shue, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

48. The actions of Defendant, Officer Shue, as described in the Complaint were performed in the course and scope of employment with the Tampa Police Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

49. As a direct and proximate result of the acts of Defendant, Officer Shue, Plaintiff was arrested, detained, confined in jail and suffered from or incurred injury to her reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

50. Defendant, Officer Shue's, conduct is actionable against Defendant, City of Tampa, pursuant to § 768.28, Fla. Stat. (2015).

## COUNT IV – 42 U.S.C. § 1983
## EXCESSIVE FORCE CLAIM AGAINST DEFENDANT, OFFICER SHUE

51. All allegations of paragraphs 1 through 33 are re-alleged in full and adopted herein.

52. Ms. Bellay was unlawfully seized by Defendant, Officer Shue, when he intentionally grabbed her and placed handcuffs on her.

53. Defendant, Officer Shue's, use of force constituted excessive, unjustified and unnecessary force and caused Ms. Bellay to suffer from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of the ability to earn money, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation

54. Defendant, Officer Shue's, use of excessive force was unnecessary because Ms. Bellay was offering no resistance and posed no threat to any officers or others present.

55. Defendant, Officer Shue, failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer. Officer Shue

gratuitously applied excessive force when he used any amount of force in arresting Plaintiff without probable cause. Officer Shue's actions were unreasonable under the circumstances.

56. By the actions of Officer Shue, Plaintiff was deprived of her right to be secure in her person against unreasonable and excessive force in violation of the Fourth Amendment of the Constitution of the United States. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

## COUNT V – STATE LAW CLAIM OF BATTERY
## AGAINST DEFENDANT, OFFICER SHUE, INDIVIDUALLY

57. All allegations of paragraphs 1 through 33 are re-alleged in full and adopted herein.

58. The actions of Officer Shue constitute non-consensual touch or strike battery causing personal injury to Ms. Bellay in violation of Florida law.

59. As a direct and proximate result of the conduct of Officer Shue, Ms. Bellay suffered from bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. Plaintiff, Ms. Bellay's, losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

60. Officer Shue's actions of intentionally, recklessly, and offensively using any force to unlawfully arrest Plaintiff without arguable probable cause was done with malicious intent. As such, Officer Shue should be held liable for damages to Ms. Bellay in his individual capacity. The nature of the count supports a claim for punitive damages in addition to compensatory damages.

### COUNT VI – STATE LAW CLAIM FOR BATTERY AGAINST CITY OF TAMPA - VICARIOUS LIABILITY (COURSE AND SCOPE)

61. All allegations of paragraphs 1 through 33 are re-alleged in full and adopted herein.

62. The actions of Officer Shue constitute non-consensual touch or strike battery causing personal injury to Ms. Bellay in violation of Florida law, which is actionable against Defendant, City of Tampa, in its employer capacity, pursuant to § 768.28, Fla. Stat. (2015).

63. Officer Shue's actions in using any force to unlawfully arrest Plaintiff without arguable probable cause were not done with malicious intent. As such, the City of Tampa should be held liable for the actions of its officer through vicarious liability as Officer Shue's employer.

64. Officer Shue was acting within the scope of his employment at the Tampa Police Department during the time of the incident.

65. As a direct and proximate result of the conduct of Defendant, Officer Shue, Plaintiff, Ms. Bellay, suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

### COUNT VII – 42 U.S.C. § 1983 VIOLATION OF FREEDOM OF SPEECH AGAINST DEFENDANT, OFFICER SHUE

66. All allegations of paragraphs 1 through 33 are re-alleged in full and adopted herein.

67. Plaintiff, Brenda Bellay, was exercising her First Amendment right under the United States Constitution when she tape recorded the investigation of Paige Davis by Officer

Mark Barry and Defendant, Officer Shue, as well as the incident between Plaintiff and Defendant, Officer Shue. The recording was done in a reasonable time, at a reasonable place, and at a reasonable distance from the participating officers.

68. The context of Plaintiff's recording addressed a public concern because Plaintiff was recording public officials carrying out their duty in a public location, and the recording concerned the interest of the community by enhancing the peaceful system of checks and balances that exists between the public and law enforcement officials through peaceful and reasonable monitoring of law enforcement's public behavior in the community.

69. The video recording made by Plaintiff was created peacefully, in a public place, in a manner that did not interfere with the ability of law enforcement to conduct their investigation of Ms. Davis.

70. Plaintiff's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the statement incite an immediate breech of peace, nor did it interfere with law enforcement activity. Instead, it was a peaceful observation and documentation of public officials carrying out a public duty in a public place.

71. Defendant, Officer Shue, failed to use appropriate self-control when Plaintiff, who was using her freedom of speech only, recorded the investigation that Defendant, Officer Shue was participating in. Defendant, Officer Shue, failed to respect the First Amendment right of Plaintiff, Brenda Bellay, to record public servants carrying out a public duty in a public place.

72. Defendant's, Officer Shue, retaliatory conduct and physical attack, of authorizing, encouraging, implementing, or otherwise in falsely arresting Plaintiff, Brenda Bellay, adversely affected Plaintiff's, Brenda Bellay, First Amendment Freedom of Speech, as she was no longer permitted to exercise her constitutional right and was in fact being punished for doing so.

73. Defendant's, Officer Shue, action of authorizing, encouraging, implementing, or otherwise initiating the false arrest and physical attack of Plaintiff, Brenda Bellay, in response to constitutionally protected speech not only prevented Plaintiff from exercising her constitutional right, but would deter a person of ordinary firmness from exercising their First Amendment rights. A reasonable person would not want to be, nor expect to be, incarcerated for exercising their First Amendment rights.

74. Defendant's, Officer Shue, actions resulted in a violation of Plaintiff's, Brenda Bellay, First Amendment rights.

## DAMAGES

75. The Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint, as if fully set forth herein.

76. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff, Brenda Bellay's, constitutional rights were violated and Plaintiff, Brenda Bellay, suffered injuries and damages.  Plaintiff, Brenda Bellay, seeks recovery from the Defendants of all damages to which she may be entitled under federal law for the injuries and damages to Plaintiff, Brenda Bellay, and which include, but are not limited to, the following:

    a. Physical Pain and Suffering of a past, present and future nature;

    b. Emotional Pain and Suffering of a past, present and future nature;

    c. Medical Expenses of a past, present and future nature;

    d. Permanent Impairment of a past, present and future nature;

    e. Loss of Enjoyment of Life of a past, present and future nature;

    f. Loss of Earning Capacity of a past, present and future nature;

    g. Punitive damages for Counts I, II, IV, V, and VII;

    h.    Pre- and Post-Judgment Interest as to Officer Shue;

    i.    Post-Judgment as to the City;

    j.    Statutory and Discretionary Costs;

    k.    Attorney's fees where permitted by 42 USC § 1988 or state law;

    l.    All such further relief, both general and specific, to which she may be entitled under the premises.

## REQUEST FOR JURY TRIAL

Plaintiff, BRENDA BELLAY, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this **25th** day of **January, 2019**.

        **MICHAEL P. MADDUX, P.A.**

        *s/ Michael P. Maddux*

        Michael P. Maddux, Esquire
        Florida Bar Number: 964212
        Trial Counsel for Plaintiff
        2102 West Cleveland Street
        Tampa, Florida 33606
        Telephone: (813) 253-3363
        Facsimile: (813) 253-2553
        E-Mail: mmaddux@madduxattorneys.com