# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BRENDA BELLAY,

     Plaintiff,

v.                                         Case No. 8:19-cv-00206-WFJ-JSS

OFFICER TYLER SHUE, individually,
and CITY OF TAMPA,

     Defendants.

_____/

## ORDER

      This action concerns an alleged unlawful arrest and use of excessive force by a police officer in retaliation for an individual filming the officer. The matter comes to the Court on a partial motion to dismiss Plaintiff Brenda Bellay's Complaint, Dkt. 1, from Defendants Officer Tyler Shue and the City of Tampa (the "City"), Dkt. 9. Plaintiff has responded to the motion. Dkt. 12. The parties' positions were well briefed, and both counsel presented ably at oral argument. Defendants' motion is DENIED.

## BACKGROUND

      At the motion to dismiss stage, the Court accepts as true Plaintiff's allegations: On September 13, 2015, Plaintiff and another individual, Paige Davis, walked down South Howard Avenue in Tampa and stopped to order from a food

truck outside of MacDinton's Irish Pub and Restaurant. Dkt. 1 ¶ 11. While ordering from the food truck, Plaintiff heard Davis scream and saw her in a dispute with MacDinton's security personnel. *Id.* ¶¶ 15-16. Officers Mark Barry and Shue arrived shortly thereafter and spoke with MacDinton's security. *Id.* ¶ 17.

Davis became hysterical when Officer Barry attempted to speak with her. *Id.* ¶ 18. Plaintiff decided to use her phone to film the interaction between Officer Barry and Davis. *Id.* Davis was uncooperative with Officer Barry and struck him in the chest. *Id.* ¶ 19. Officer Barry then handcuffed Davis and took her into custody. *Id.*

Plaintiff alleges that she filmed the incident from a safe distance, next to a MacDinton's staff member who was also watching, and did not attempt to interact with or interrupt the police officers. *Id.* ¶¶ 20-21. While waiting for the food truck vendor to return her credit card from her purchase, Plaintiff was asked by one of the officers to provide identification, which she did without hesitation. *Id.* ¶¶ 22-23.

While still recording the incident between Davis and the officers, Officer Shue asked Plaintiff to take a few steps back, which Plaintiff began to do. *Id.* ¶ 24. Plaintiff informed Officer Shue that she was recording the incident. *Id.* ¶ 25. In response, Officer Shue immediately grabbed Plaintiff and slammed her onto the hood of a nearby patrol vehicle. *Id.* ¶ 26. Plaintiff struggled to continue recording,

but Officer Shue forced Plaintiff to drop her phone, which resulted in the phone hitting the ground and cracking the screen. *Id.* ¶ 27. Officer Shue told Plaintiff that he intended to break her phone. *Id.* ¶ 28. Officer Shue then handcuffed Plaintiff and jerked her wrists upwards by the handcuffs and lifted her off the ground, injuring Plaintiff. *Id.* ¶ 30.

She was charged with trespassing and resisting an officer without violence and was transported to the county jail. *Id.* ¶ 32. The State Attorney's Office dismissed the charges on May 10, 2016. *Id.* ¶ 33.

Plaintiff brings a number of claims against Officer Shue in his individual capacity and the City for vicarious liability: (1) false arrest under 42 U.S.C. § 1983 against Officer Shue; (2) state law false arrest/false imprisonment against Officer Shue; (3) state law false arrest/false imprisonment against the City; (4) excessive force under § 1983 against Officer Shue; (5) state law battery against Officer Shue; (6) state law battery against the City; and (7) a violation of freedom of speech claim under § 1983 against Officer Shue. Dkt. 1. Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 9.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the court

accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Courts may also consider documents attached to a motion to dismiss if they are (1) central to the plaintiff's claim; and (2) undisputed or, in other words, the "authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

## DISCUSSION

In their motion, Defendants argue that Plaintiff has not "sufficiently alleged a discrete claim of excessive force" because "the Complaint does not allege that Officer Shue used force against Plaintiff once she was in handcuffs." Dkt. 9 at 4. Defendants also characterize the use of force as de minimis and therefore insufficient to give rise to a claim for excessive force. *Id.* Lastly, the motion argues that Officer Shue is entitled to immunity under section 768.28(9), Florida Statutes. *Id.* at 5.

At oral argument, Defendants withdrew their motion with regard to Count IV, excessive force, conceding that the force alleged is sufficient and exceeds that

required for handcuffing. Plaintiff is entitled to plead this claim as an alternative to her Count I of false arrest.[1] Defendants further acknowledged that Plaintiff has pleaded force beyond de minimis which is also relevant to Plaintiff's state law battery claims in Counts V and VI.

As to Defendant's final argument, section 768.28(9)(a), Florida Statutes, shields a law enforcement officer from personal liability for acts within the scope of his or her employment unless the officer "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Although "bad faith" is not defined by the statute, it has been equated to actual malice. *Drudge v. City of Kissimmee*, 581 F. Supp. 2d 1176, 1195 (M.D. Fla 2008) (citation omitted).

The Court finds that Plaintiff's allegations, accepted as true, are sufficient to overcome Officer Shue's immunity on the battery and false arrest claims.[2] Plaintiff does not rely on mere legal conclusions. Plaintiff pleaded that, despite Plaintiff's compliance with instructions and nonresistance, Officer Shue slammed Plaintiff on

---

[1] In the Eleventh Circuit, "a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim," yet "a claim for excessive force during a *legal* stop or arrest is a discrete claim." *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) (emphasis added).

[2] It is worth noting that respondeat superior is available in Florida where "a governmental entity is liable for all torts . . . unless the actor was acting in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Tepper v. Canizaro*, No. 604CV1257ORL31DAB, 2005 WL 2484644, at *9 (M.D. Fla. Oct. 7, 2005), *aff'd*, 175 F. App'x 275 (11th Cir. 2006); *see also McGhee v. Volusia Cty.*, 679 So. 2d 729, 733 (Fla.1996) ("In any given situation either the agency can be held liable under Florida law, or the employee, but not both.").

the hood of a patrol car and later jerked her wrists upwards by the handcuffs and lifted her off the ground. *Id.* ¶¶ 26, 30. Plaintiff alleged that Officer Shue proceeded to arrest Plaintiff as soon as she told Officer Shue she was filming him. Dkt. 1 ¶ 25. Officer Shue moreover "told [Plaintiff] that he intended to break her phone." *Id.* ¶ 28.

This suggests that Officer Shue had an improper motive in not only using unnecessary force, but also arresting Plaintiff. Indeed, Davis was later released from the scene despite striking an officer, whereas Plaintiff was transported to jail on charges that were ultimately dropped. *Id.* ¶ 32. Elsewhere in her Complaint, Plaintiff connects her filming of the events to Officer Shue's decision to arrest. *Id.* ¶ 71-72. As pleaded, this is beyond a mere absence of probable cause, *see Eiras v. Fla.*, 239 F. Supp. 3d 1331, 1344 (M.D. Fla. 2017), and is sufficient to overcome section 768.28(9)(a), Florida Statutes.

## CONCLUSION

The Court **DENIES** Defendants' Partial Motion to Dismiss. Dkt. 9.

**DONE AND ORDERED** at Tampa, Florida, on April 25, 2019.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record